NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3000
_____

LISA LIBERI; PHILIP J. BERG, ESQUIRE;
THE LAW OFFICES OF PHILIP J. BERG; EVELYN
ADAMS, a/k/a MOMMA E; LISA M. OSTELLA;
GO EXCEL GLOBAL

v.

ORLY TAITZ, a/k/a DR. ORLY TAITZ, a/k/a LAW OFFICES OF
ORLY TAITZ, a/k/a WWW.ORLYTAITZESQ.COM, a/k/a
WWW.REPUBX.COM, a/k/a ORLY TAITZ, INC.; DEFEND OUR
FREEDOMS FOUNDATIONS, INC.; YOSEF TAITZ; THE
SANKEY FIRM; SANKEY INVESTIGATIONS, INC.; NEIL
SANKEY; JAMES SUNDQUIST; ROCK SALT PUBLISHING;
LINDA SUE BELCHER, a/k/a LINDA S. BELCHER, a/k/a LINDA
STARR, a/k/a NEWWOMENSPARTY, a/k/a STITCHENWITCH,
a/k/a EVA BRAUN, a/k/a WEB SERGEANT, a/k/a KATY, a/k/a
WWW.OBAMACITIZENSHIPDEBATE.ORG; EDGAR HALE,
a/k/a JD SMITH; CAREN HALE; PLAINS RADIO NETWORK,
a/k/a PLAINS RADIO NETWORK, INC., a/k/a PLAINS RADIO;
BAR H FARMS; KPRN AM 1610; DOES 1 THROUGH 200
INCLUSIVE

Orly Taitz; Defend Our Freedoms
Foundations, Inc., Appellants
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civ. No. 2-09-cv-01898)
District Judge:  Honorable Eduardo C. Robreno

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 9, 2011

Before:  JORDAN, GREENAWAY, JR., and WEIS, Circuit Judges.

(Filed: March 28, 2011)
_____

OPINION
_____

WEIS, Circuit Judge.

Plaintiffs in this case, Lisa Liberi and a number of persons and entities associated with her employer, Philip J. Berg, filed this diversity suit against Orly Taitz and a number of individuals and organizations apparently allied with her.  The complaint included claims of defamation, slander, and libel, arising out of defendants' alleged mass publication of Liberi's name, social security number, and other identifying and purportedly false biographical information.

On June 25, 2009, at the plaintiffs' request, the District Court entered an order dismissing without prejudice two of the defendants to maintain diversity jurisdiction.  On June 4, 2010, the District Court denied the defendants' motion to dismiss for lack of jurisdiction, severed the litigation into two independent matters and transferred the cases to the Central District of California and the Western District of Texas.

Defendants then appealed to this Court.

2

While the appeal was pending, a divided motions panel, without opinion, denied the plaintiff's motion to dismiss for lack of appellate jurisdiction. After further briefing by the parties submitted at the direction of the Court, we have again reviewed the litigation and now direct that this appeal be dismissed for want of jurisdiction.

Defendants contend that the jurisdictional matter was settled by the denial of the plaintiffs' motion to dismiss for lack of jurisdiction. However, under our Internal Operating Procedures, jurisdictional questions are reserved for the merits panel. See Third Circuit I.O.P. 10.3.5 ("If . . . the [motions] panel votes not to grant the motion [to dismiss for lack of jurisdiction], the motion is referred by order, without decision and without prejudice, to the merits panel"); Reilly v. City of Atlantic City, 532 F.3d 216, 223 (3d Cir. 2008) (motions panel's denials of motions to dismiss for lack of jurisdiction "effectively constituted . . . referrals" of motions to merits panel).

"It is entirely settled . . . that an order granting . . . a motion to transfer venue under [28 U.S.C. §] 1404(a) . . . is interlocutory in character and not immediately appealable under Section 1291." 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3855, at 319 (3d ed. 2007). There being no basis for this Court to adjudicate the issues raised by defendants, it is ordered that the

appeal be dismissed for lack of jurisdiction.[1]

All unresolved motions shall be decided by the transferee courts because we lack jurisdiction to determine the merits. See id. § 3846, at 69 (after grant of motion to transfer venue and lodging of papers with transferee court's clerk, "the transferor court -- and the appellate court that has jurisdiction over it -- loses all jurisdiction over the case and may not proceed further with regard to it"); id. at 79 (once transfer order is entered, "all further proceedings in the action merely are referred to and determined by the transferee tribunal").

Order accordingly.

---

[1] In response to our request for briefing on the appealability of the transfer order, defendants asked that we treat the appeal as a petition for a writ of mandamus. Because there were no "exceptional circumstances amounting to a 'judicial usurpation of power'" on the part of the District Court, see Will v. United States, 389 U.S. 90, 95 (1967), and the issue of subject matter jurisdiction may be addressed by the transferee court, see Kerr v. U.S. Dist. Ct. for N. Dist. of Cal., 426 U.S. 394, 403 (1976) (writ should not issue where other adequate remedies exist), the alternative request for mandamus relief is denied.